## OREGON-WASHINGTON PLYWOOD CO. *v.* STATE TAX COMMISSION

Marshall C. Cheney, Portland, appearing for plaintiff. Marshall C. Cheney, James C. Dezendorf, and Koerner, Young, McColloch & Dezendorf, Portland, filed briefs for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause and filed a brief for defendant.

Decision for plaintiff rendered March 1, 1965.

Edward H. Howell, Judge.

Plaintiff's corporate predecessor obtained loans at ten percent interest from Heller & Company. The money borrowed was later loaned to a third corporation without interest. The defendant State Tax Commission disallowed a deduction of the interest and plaintiff appealed to this court.

ORS 317.260 generally allows a deduction of all interest paid on indebtedness during the taxable year. The statute is broad and has no qualifications. However, the defendant State Tax Commission's Regulation 7.260 provides "* * * interest paid on money borrowed by a corporation and used for the purpose of making loans without interest to stockholders or officers is not an allowable deduction."

This is a case where the statute clearly allows the deduction and the regulation just as clearly does not.

The defendant does not question the bona fides of the loan. The use to which the company put the funds after obtaining the loan is not important.

The defendant cites *Kaye v. C.I.R.,* 287 F2d 40, 33 T.C. 511 (1961). The case is not applicable. There the Tax Court of the United States held that no actual loans were intended and that there was no relationship of borrower and lender and the alleged loans were a sham.

The defendant also argues that the interest deduction amounts to a dividend. There was no distribution of assets or earnings and the loan could hardly be called a dividend.

A dividend was defined by Justice Brand in *Cobb v. Galloway et al,* 167 Or 604, 616, 119 P2d 896 (1941), as follows: "* * * Ordinarily distributions out of the earnings and profits of a corporation and divided among the stockholders according to their respective

interests as represented by the shares of outstanding capital stock are 'dividends.' " (Citing cases.)

■ ORS 314.815 allows the State Tax Commission to make regulations "not inconsistent with legislative enactments." The regulation in this case, 7.260, is completely inconsistent with the statute. The statute allows a deduction of the interest paid in this case and the regulation denies it. The regulation does much more than add meaning to the "bare bones" of the statute. *U. S. Nat'l Bank v. Tax Commission,* 233 Or 478, 484, 378 P2d 989 (1963). The plaintiff is entitled to deduct the interest paid.

The second issue is whether the right of election to offset personal property taxes against the excise tax (ORS 317.070) or deduct them applies to the personal property tax year or the corporate year.

Plaintiff paid one fourth of the 1959 personal property taxes in November, 1959, and paid the balance in 1960. On the 1959 return he elected to have the amount paid on the 1959 personal property tax apply as an offset against the excise tax as permitted by ORS 317.070(2).① In 1960, the plaintiff again offset the

---

① "ORS 317.070 *Tax on centrally assessed, mercantile, manufacturing and business corporations; offset against tax.*

"* * * * *

"(2)(a) Each corporation subject to subsection (1) of this section which is primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset against the tax imposed by subsection (1) of this section.

"(b) The offset shall equal either (A) the amount assessed to and actually paid by it upon its properly classified tangible personal property located in this state and allocable to its personal property comprising the materials, goods in process and finished goods produced and held for sale described in the preceding paragraph or (B) one-third of its excise tax payable under this chapter, whichever is the lesser.

"(c) No excess part of such personal property taxes as are

balance of the 1959 personal property tax paid in 1960 against the excise tax. Also during 1960, the plaintiff paid all the 1960 personal property taxes and claimed these as a deduction.

■■ The defendant, State Tax Commission, agrees that each year a qualified corporate taxpayer can elect an offset against its excise tax or a deduction of the personal property tax paid. It contends, however, that the election to offset pertains to all personal property taxes available during the corporate year of election.

This is a case of first impression and obviously there is no precedent on the issue.

The statute, ORS 317.265, allows the personal property taxes paid during 1960 to be deducted. Because the plaintiff elected to offset the balance of the 1959 personal property tax paid in 1960, the defendant would require the plaintiff to also offset the 1960 personal property tax paid in 1960. It would seem that this is contrary to the statute which allows the taxpayer to deduct the personal property taxes paid during the year.

It is concluded that the plaintiff is correct on both issues and is entitled to the interest deductions for 1959 and 1960, and is also entitled to deduct the 1960 personal property taxes paid in 1960. No costs to either party.

---

allocated under paragraph ▇▇▇ (b) of this subsection for use as an offset shall be allowed as a deduction under ORS 317.265. The amount of the offset shall be diminished by any discount allowed and shall not be increased by any interest charged under ORS 311.505 or 311.515."